JACOB L. NEWMAN, ADMINISTRATOR OF THE ESTATE OF SAMUEL BOTKIN, DECEASED, APPELLANT, v. SADIE MANKOWITZ, ADMINISTRATRIX OF THE ESTATE OF LOUIS MANKOWITZ, DECEASED, ET AL., RESPONDENTS.

Submitted March 24, 1919—Decided November 17, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"Employer and employe were killed by the same accident, which was the explosion of an ammonia tank. For the prosecutor it is claimed that there is nothing in the evidence to support a finding by the trial court that the accident arose out of and in the course of the employment.

"The facts are substantially as follows: Botkin was in the wholesale milk business; Mankowitz was his son-in-law and described by the witnesses as his right-hand man; the evidence justifies the conclusion that he was Botkin's general utility man.

"Botkin had a creamery at Whitehouse, New Jersey, from which he seems to have obtained most of his milk, and he visited it once a month, or Mankowitz did for him, to pay off the farmers and attend to the disbursements generally. Also, Botkin had organized a corporation called the Interstate Milk and Cream Company, of which Mankowitz was to be manager and a director; one Ellis, Botkin's bookkeeper, was also to be a director, and the testimony is that when this concern actually began operations, Botkin was to give up his private business and turn it all over to the interstate; Mankowitz was then to cease being Botkin's manager, and, apparently, the whole business was to undergo a transformation into the interstate concern. The formal organization seems to have been completed by the day of the accident, but operations had not begun. In fact, there was to be an informal meeting of the directors to witness a test of an ammonia tank, evidently intended to be used for refrigerating purposes. Mankowitz came to Botkin and said: 'We have to go to Whitehouse;' Botkin responded, 'We must go to the interstate first.' The matter was settled by their going to the interstate, and while they were witnessing the test, the tank exploded and both were killed. This is the situation which petitioner claimed constituted an accident arising out of and in the course of Mankowitz's employment. Judge Osborne so found, and this *certiorari* is to test the propriety of that finding.

"The case was a close one, but we are inclined to think that the finding can be sustained. It is true that Mankowitz was

there as a director of the interstate company, but, in our judgment, that did not prevent his being there also as the right-hand man of Botkin. The latter was president and principal owner of the interstate company, and the testimony is entirely consistent with a finding that Botkin wanted Mankowitz there to advise him, as president and principal owner, whether the money that he, Botkin, had put into the company should be invested in this particular tank; in short, that Mankowitz was there in a dual capacity, as manager of the new company, and also as Botkin's adviser and right-hand man. The interests of the two were substantially identical, so that there is no difficulty about a conflict of interest. It was just as much Botkin's interest that there should be a good ammonia tank as it was that of the company. We think that in this aspect of the case the finding that Mankowitz was in the employment of Botkin and doing his work at the time of the accident was justified, and this leads to an affirmance of the judgment below."

For the appellant, *Lindabury, Depue & Faulks.*

For the respondents, *Fort, Hunt & Shipman.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.